United States District Court
Southern District of Texas
**ENTERED**
April 20, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TYRONE EUGENE JORDAN, BOP # 65074-279 | § § § | |
| Petitioner, | § § | |
| v. | § | CIVIL ACTION NO. H-23-321 |
| WARDEN, RRM SAN ANTONIO, | § § § | |
| Respondent. | § § | |

### MEMORANDUM OPINION AND ORDER

Federal inmate Tyrone Eugene Jordan was convicted in 2015 in the Southern District of Texas of retaliating against a federal officer by false claim and sentenced to 120 months in the Bureau of Prisons followed by three years of supervised release. *See United States v. Jordan*, Criminal Action No. 4:15-CR-182 (S.D. Tex.). Jordan is currently serving his term of supervised release. He has now filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that he was convicted of a nonexistent federal offense or statutory violation. (*See* Docket Entry No. 1).

Jordan seeks to invoke jurisdiction under 28 U.S.C. § 2241. A motion under 28 U.S.C. § 2255 is the primary means of collaterally attacking a federal conviction and sentence. *Hammoud v. Ma'at*, 49 F.4th 874, 878 (5th Cir. 2022); *see also Abram v. McConnell*, 3 F.4th 783, 785 (5th Cir. 2021) (explaining that "a prisoner generally can't use § 2241 to challenge his conviction"). "But there's an exception: Under § 2255(e)'s 'savings clause,' a prisoner can use § 2241 to challenge his conviction if § 2255 is inadequate or ineffective to test the legality of his detention." *Abram*, 3 F.4th at 785 (cleaned up). Section 2255 is "inadequate or ineffective" if "(1) the § 2241 petition raises a claim that is based on a retroactively applicable Supreme Court

decision; (2) the claim was previously foreclosed by circuit law . . . and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense." *Santillana v. Upton*, 846 F.3d 779, 782 (5th Cir. 2017). "Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255." *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) (citing *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999)).

Although Jordan was sentenced in the Southern District of Texas, publicly available online records show that the Bureau of Prison's Residential Reentry Management field office in San Antonio (RRM San Antonio) is his immediate custodian.[1] *See Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Apr. 3, 2023). Because Jordan's custodian is the warden of RRM San Antonio, the custodian's absence from the territorial jurisdiction of this court renders it unable to consider the merits of Jordan's § 2241 petition. *See, e.g.*, *Nekvasil v. United States*, No. 1:22-cv-617, 2022 WL 4115428, at *2–3 (W.D. Mich. Sept. 9, 2022) (explaining that § 2241 petition was not properly filed in the Western District of Michigan despite petitioner being on home confinement within the jurisdiction of the Western District of Michigan because petitioner's custodian, RRM Detroit, was located within the jurisdiction of the Eastern District of Michigan); *Rice v. Bragg*, No. 1:19-3054-HMH-SVH, 2021 WL 328326, at *1 (D.S.C. Jan. 8, 2021) (explaining that the proper party respondent to petitioner's § 2241 petition is the Warden of the RRM facility where petitioner is incarcerated), *R&R adopted by*, 2021 WL 327376 (D.C.S. Feb. 1, 2021).

---

[1] "Other courts have looked to the BOP inmate locator to determine where a petitioner's immediate custodian is located, even when the custodian is a Residential Reentry Management office, and even when the petitioner is on home or other confinement elsewhere." *Nekvasil v. United States*, No. 1:22-cv-617, 2022 WL 4115428, at *2 (W.D. Mich. Sept. 9, 2022) (citing cases).

Because this court is not the custodial court, it lacks subject matter jurisdiction to determine whether Jordan's claims are properly brought under § 2241 via the savings clause of § 2255. Jordan's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is dismissed without prejudice.

SIGNED on April 19, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge